UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIMINAL NO. 21-cr-541 (PLF) |
| : | |
| FI DUONG, : | |
| also known as "Jim," | |
| also known as "Monkey," : | |
| also known as "Monkey King," | |
| : | |
| Defendant. : | |

## JOINT STATUS REPORT

The United States, by and through its attorney, the United States Attorney for the District of Columbia, and the defendant, Fi Duong, by and through his undersigned counsel, respectfully submit this joint status report, in accordance with the Court's February 15, 2022 Minute Order.

1. The defendant is charged by way of Indictment with five counts relating to criminal conduct at the U.S. Capitol on January 6, 2021: 18 U.S.C. §§ 1512(c)(2), 2 (Obstruction of an Official Proceeding); 18 U.S.C. § 1752(a)(1) (Entering and Remaining in a Restricted Building or Grounds); 18 U.S.C. § 1752(a)(2) (Disorderly and Disruptive Conduct in a Restricted Building or Grounds); 40 U.S.C. § 5104(e)(2)(D) (Disorderly Conduct in a Capitol Building); and 40 U.S.C. § 5104(e)(2)(G) (Parading, Demonstrating, or Picketing in a Capitol Building).

2. The defendant is currently on release from custody with conditions and is in the High Intensity Supervision Program.

3. The parties have met and conferred about the status of the case and have begun discussions as to whether there is any potential pretrial disposition of the case. Those discussions are ongoing.

4.     The government continues to produce discovery to the defendant. The government has produced significant discovery specific to the defendant as well as discovery applicable to the January 6 Capitol Siege generally. On February 10, 2022, the government filed a memorandum regarding the status of discovery in the Capitol Siege cases (ECF 29).

5.     The parties have discussed their availability for a next status hearing and propose a hearing in May 2022, anytime in the first two weeks of the month at the Court's convenience.

6.     The parties have discussed and agree that time until the next status hearing should be excluded from calculation under the Speedy Trial Act, *see* 18 U.S.C. § 3161(h)(7)(A). The parties submit that the ends of justice served by the granting of such an exclusion of time outweigh the best interests of the public and the defendant in a speedy trial, as it will provide the parties additional time to continue negotiating a potential pretrial resolution and to review discovery.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By:     */s/ Stuart Allen*
STUART D. ALLEN
D.C. Bar No. 1005102; N.Y. Bar No. 4839932
Assistant United States Attorney
National Security Section
555 Fourth Street, N.W.
Washington, D.C.  20530
stuart.allen@usdoj.gov
(202) 252-7794

By:     */s/ Sabrina Shroff*
SABRINA SHROFF
Assistant Federal Public Defender
Office of the Federal Public Defender
for the District of Columbia
625 Indiana Avenue, N.W.
Washington, D.C. 20004
sabrina_shroff@fd.org
(202) 208-7500 ext 130

Attorney for Fi Duong