UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **CRIMINAL NO. 21-cr-541 (PLF)** |
| | : | |
| **FI DUONG,** | : | |
| also known as "Jim," | : | |
| also known as "Monkey," | : | |
| also known as "Monkey King," | : | |
| | : | |
| Defendant. | : | |

**JOINT MOTION TO CONTINUE
AND TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, and the defendant, Fi Duong, by and through his undersigned counsel, respectfully file this motion to continue the status hearing currently scheduled for July 11, 2022 to September 9, 2022.

1. The defendant is charged by way of Indictment with five counts relating to criminal conduct at the U.S. Capitol on January 6, 2021: 18 U.S.C. §§ 1512(c)(2), 2 (Obstruction of an Official Proceeding); 18 U.S.C. § 1752(a)(1) (Entering and Remaining in a Restricted Building or Grounds); 18 U.S.C. § 1752(a)(2) (Disorderly and Disruptive Conduct in a Restricted Building or Grounds); 40 U.S.C. § 5104(e)(2)(D) (Disorderly Conduct in a Capitol Building); and 40 U.S.C. § 5104(e)(2)(G) (Parading, Demonstrating, or Picketing in a Capitol Building).

2. The defendant is currently on release from custody with conditions and is in the High Intensity Supervision Program.

3. The parties have met and conferred about the status of the case and have begun discussions as to whether there is any potential pretrial disposition of the case. Those discussions are ongoing.

4. The government continues to produce discovery to the defendant. The government has produced significant discovery specific to the defendant as well as discovery applicable to the January 6 Capitol Siege generally.

5. The parties have discussed their availability for a next status hearing and propose a hearing on September 9, 2022, at the Court's convenience.

6. The parties have discussed and agree that time until the next status hearing should be excluded from calculation under the Speedy Trial Act, *see* 18 U.S.C. § 3161(h)(7)(A). The parties submit that the ends of justice served by the granting of such an exclusion of time outweigh the best interests of the public and the defendant in a speedy trial, as it will provide the parties additional time to continue negotiating a potential pretrial resolution and to review discovery.

Respectfully submitted,

MATTHEM M. GRAVES  
United States Attorney  
DC Bar No. 481052  

By:    */s/ Stuart Allen*  
STUART D. ALLEN  
D.C. Bar No. 1005102; N.Y. Bar No. 4839932  
Assistant United States Attorney  
National Security Section  
601 D Street, N.W.  
Washington, D.C.  20530  
stuart.allen@usdoj.gov  
(202) 252-7794  

By:    */s/ Sabrina Shroff*  
SABRINA SHROFF  

Attorney for Fi Duong